UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARK DUBLINO,

                              Plaintiff,

              v.                                                9:19-CV-0381
                                                                (GLS/DJS)

G. SCHENK[1] et al.,

                              Defendants.
_____

APPEARANCES:

MARK DUBLINO
18-B-0793
Plaintiff, pro se
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021


GARY L. SHARPE
Senior United States District Judge

_____

[1] Pursuant to the Court's Decision and Order, entered on May 9, 2019, the complaint was construed to assert a First Amendment free-flow-of-mail claim against an individual named "Shanke," which survived sua sponte review. See Dkt. No. 14 ("May 2019 Order") at 20-21, 43. The Court derived the spelling of this individual's name from the body of the complaint, wherein plaintiff identified "Shanke" as the "Deputy of Programs." See May 2019 Order at 8 (citing Compl. at 17). Presumably based on plaintiff's failure to list an individual named "Shanke" as a defendant in the "Caption of the Action" section of the complaint, and his express identification of "G. Schenk" as a defendant, the Clerk issued a summons for "G. Schenk," and not "Shanke." See Dkt. No. 15. Thereafter, plaintiff filed a formal motion for a preliminary injunction, which is in part the subject of this Decision and Order. Dkt. No. 16. Plaintiff attached to his motion, among other things, a letter purportedly sent by him to "G. Schenk, Deputy Superintendent of Programs" on May 12, 2019. Dkt. No. 16-2 at 2. Shortly after plaintiff's motion was filed, an Acknowledgment of Service was filed on behalf of "DSP Schenk," and signed by an individual named "Galyn Schenk." Dkt. No. 19. Based on the "DSP" job title reference in the Acknowledgment of Service, and the aforementioned letter plaintiff addressed to "G. Schenk, Deputy Superintendent of Programs," it appears that the Deputy Superintendent of Programs at Auburn Correctional Facility is Galyn Schenk, and that plaintiff's identification of "Shanke" as the "Deputy of Programs" in the body of his complaint was in error. Accordingly, unless and until advised otherwise by plaintiff, the Court deems Galyn Schenk as the proper defendant with respect to plaintiff's First Amendment free-flow-of-mail claim.

**DECISION AND ORDER**

## I.    INTRODUCTION

Plaintiff Mark Dublino commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis, and a motion for preliminary injunctive relief.  Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application"); Dkt. No. 3 ("Initial Preliminary Injunction Motion").  By Decision and Order filed May 9, 2019, plaintiff's IFP Application was granted, and, following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), this Court dismissed several claims and defendants from this action, and found that plaintiff's First Amendment retaliation claim against defendant Vendetti and First Amendment free-of-mail claims against defendants Sheftic, Vanni, Schenk, and Carhardt survived sua sponte review and required a response.  Dkt. No. 14 (the "May 2019 Order") at 43-44.  The Court also denied plaintiff's Initial Preliminary Injunction Motion.  *Id*. at 44.

Presently before the Court are (1) a letter motion from plaintiff requesting injunctive relief, which was filed one day before the issuance of the May 2019 Order, and (2) a formal motion from plaintiff requesting preliminary injunctive relief, which was filed shortly after the issuance of the May 2019 Order.  *See* Dkt. Nos. 12, 16 (collectively, "Second Preliminary Injunction Motion").  Defendants Schenk, Sheftic, and Vanni have opposed these motions. *See* Dkt. No. 23 ("Attorney Declaration in Opposition to Second Preliminary Injunction Motion"); Dkt. No. 23-1 ("Memorandum of Law in Opposition to Second Preliminary Injunction Motion").[2]

---

[2]  Counsel for defendants Schenk, Sheftic, and Vanni notes in his Declaration that, as of the date of his submission, the New York State Attorney General's Office had not received a request for representation from defendants Carhardt and Vendetti.  *See* Dkt. No. 23-1 at 1 n.1.  Counsel further notes that he "anticipates" that

## II.    PRELIMINARY INJUNCTION MOTION

The legal standard governing motions for preliminary injunctive relief was discussed at length in the May 2019 Order, and will not be restated in this Decision and Order.  *See* May 2019 Order at 38-39.

Plaintiff's Second Preliminary Injunction Motion, while not a model of clarity, seeks injunctive relief in the form of an order that (1) enjoins officials at Auburn Correctional Facility from engaging in "reprisals and harassment" and requires that they "follow [Department of Corrections and Community Supervision (DOCCS)] General Policy of discipline of inmates[,]" (2) enjoins officials at Auburn Correctional Facility from interfering with plaintiff's access to the law library, notary services, legal materials, legal assistance, working typewriters, and other legal supplies, and (3) directs plaintiff's placement in protective custody status until he is transferred to "a facility closer to Erie County[.]"  *See* Dkt. No. 16 at 1-2.  Through an affidavit and documentary evidence, plaintiff identifies several events that have occurred since he commenced this action, which he believes supports his requests for relief.  *See* Dkt. No. 12-1; Dkt. No. 12-2; Dkt. No. 16-2.  Generally speaking, the events plaintiff describes relate to (1) various items of his property either being wrongfully confiscated, or returned to him out of order or only after an unnecessary delay, and (2) complications with his access to resources, including notary public services, law library and legal research materials, and copying services.  *See* Dkt. No. 12-1; Dkt. No. 12-2; Dkt. No. 16-2.

Defendants oppose the motion arguing, among other things, that the additional details supplied by plaintiff in support of his Second Preliminary Injunction Motion do not remedy the

---

the New York State Attorney General's Office will represent defendants Carhardt and Vendetti, and that the arguments advanced in opposition to plaintiff's Second Preliminary Injunction Motion are "equally applicable to all Defendants."  *Id.*

defects that the Court identified in the May 2019 Order with respect to plaintiff's Initial Preliminary Injunction Motion. *See* Attorney Declaration in Opposition to Second Preliminary Injunction Motion at 3-5; Memorandum of Law in Opposition to Second Preliminary Injunction Motion at 6-12. The Court agrees.

First, as noted in the May 2019 Order, the only claims that now remain in this action are plaintiff's retaliation and free-flow-of-mail claims, which relate to discrete events that occurred on and before February 4, 2019. While plaintiff generally couches the purported mistreatment he has experienced since filing his complaint as retaliatory, plaintiff has not explained how the claimed harm that forms the basis of his requested injunctive relief bears any relationship to the alleged retaliatory acts taken by defendant Vendetti in October 2018, or the alleged interference with his incoming mail between November 2018 and February 2019. *See Candelaria v. Baker,* No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) ("To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." (internal quotation marks and citations omitted)); *see also Scarborough v. Evans*, No. 9:09-CV-0850 (NAM/DEP), 2010 WL 1608950, at *2 (N.D.N.Y. Apr. 20, 2010) (motion for preliminary injunction alleging use of excessive force and denial of medical care by non-parties denied where complaint alleged denial of mental health care and proper conditions of confinement); *Mitchell v. New York State Dep't of Corr. Servs*., No. 06-CV-6278, 2011 WL 5326054, at *3 (W.D.N.Y. Nov. 3, 2011) (denying plaintiff's request for preliminary injunctive relief because "the facts underlying the request for injunctive relief [were] essentially unrelated to the underlying facts of the claims in this action, except for the fact that they arise in the prison context"); *McClenton v. Menifee*, No. 05-CV-2844, 2006 WL

2474872, at *17 (S.D.N.Y. Aug. 22, 2006) (denying motion for preliminary injunction where the underlying claim "[was] not included in the complaint and there [was] no showing that the plaintiff [had] exhausted his administrative remedies with respect to [that] claim").  Indeed, plaintiff does not contend that any official at Auburn Correctional Facility has interfered with his incoming mail since he commenced this action.  Nor does he contend that defendant Vendetti has been involved in any of the purported wrongful acts that have occurred since he commenced this action.

Second, plaintiff has failed to identify in his motion papers any actual and imminent injury he will suffer in the absence of a mandatory injunction.  *See McKenna v. Wright*, No. 01-CV-6571, 2002 WL 338375, *4 (S.D.N.Y. Mar. 4, 2002) ("[S]ince the movant must show that the alleged irreparable harm is imminent, and not remote or speculative, . . . a finding of irreparable harm [cannot be based] solely on past conduct . . . ."); *Phelan v. Hersh*, No. 9:10-CV-0011(GLS/RFT), 2010 WL 277064, at *6 (N.D.N.Y. Jan. 20, 2010) (noting that to establish irreparable harm "[i]n the context of medical care claims, a '[p]laintiff must therefore show that he has a medical condition which is likely to become significantly worse without some definite course of treatment.'" (quoting *Garcia v. Arevalo*, No. 93-CV-8147, 1994 WL 383238, at *1 (S.D.N.Y. June 27, 1994)).  Instead, plaintiff has simply identified what he believes to be mistreatment with respect to his property and access to legal materials and services, which he would like stopped.[3]

Third, much, if not all, of the injunctive relief plaintiff seeks would require restrictions placed on officials who are not defendants in the present action.  Injunctive relief is available

---

[3]  Plaintiff does state that the "obstructions" by officials at Auburn Correctional Facility have "caused [him] . . . irreparable harm on [his] current [appellate] case out of Erie County." *See* Dkt. No. 16 at 2.  However, he has not explained the nature of this harm, or why it is incapable of a future remedy.

against non-parties only under very limited circumstances, none of which are present here. *See* Fed. R. Civ. P. 65(d)(2); *Doctor's Associates, Inc*. *v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *see also In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.").

Fourth, plaintiff's request for officials at Auburn Correctional Facility to properly follow DOCCS Directives regarding inmate discipline and access to legal materials and services is tantamount to a request that all officials at Auburn Correctional Facility "obey the law." As noted in the May 2019 Order, "'[o]bey the law' injunctions are vague, do not require a defendant to do anything more than that already imposed by law, subject the defendant to contempt rather than statutorily prescribed sanctions, and are not readily capable of enforcement." *See* May 2019 Order at 40 (noting further that "obey the law" injunctions are not favored). Thus, plaintiff's request for injunctive relief is not the proper avenue for addressing the purported mistreatment he has experienced since he commenced this action.

Fifth, as with plaintiff's submissions in support of his Initial Preliminary Injunction Motion, plaintiff's submissions in support of his Second Preliminary Injunction Motion seeking mandatory injunctive relief fail to demonstrate a "clear showing" that plaintiff is entitled to the relief he seeks, or that extreme or very serious damage will result if the motion is denied.

Finally, with respect to plaintiff's requests for protective custody and a transfer to another facility, it is DOCCS, and not this Court, that determines where plaintiff will be housed during his period of incarceration. *See Meachum v. Fano*, 427 U.S. 215, 229 (1976) (stating that "[t]he federal courts do not sit to supervise state prisons, the administration of

6

which is [of] acute interest to the States") (citations omitted); *Olim v. Wakinekona*, 461 U.S. 238, 248-49 (1983) (stating that inmates have no right to be confined in a particular state or particular prison within a given state); *Montayne v. Haymes*, 427 U.S. 236, 243 (1976) (holding that New York state prisoners have no right to incarceration at a particular prison facility). It is well-established that DOCCS has "broad leeway in deciding where to house the inmates under its protective care." *McFadden v. Solfaro*, Nos. 95-CV-1148, 95-CV-3790, 1998 WL 199923, at *10 (S.D.N.Y. Apr. 23, 1998). In addition, plaintiff has not shown that Auburn Correctional Facility, or the employees who work there, pose an actual and imminent threat to his personal safety. Indeed, plaintiff's submissions do not include any description of what harm he expects to encounter in the absence of a protected custody assignment or transfer, let alone demonstrate a likelihood that any such harm will occur. Rather, his stated concern of future harm is entirely speculative. *See Agostini v. Backus*, No. 14-CV-6188, 2015 WL 1579324, at *3 (W.D.N.Y. Apr. 9, 2015) ("Plaintiff's request for injunctive relief must be denied, since Plaintiff's concern about future retaliation, even if sincere, is speculative, and therefore is not sufficient to establish irreparable harm."); *Smolen v. Dildine*, No. 11-CV-6434, 2011 WL 6030112, at *2 (W.D.N.Y. Dec. 5, 2011) ("Plaintiff nevertheless maintains that he ought to be transferred out of Southport, because it is likely that he will suffer retaliation for his bringing of lawsuits against Southport staff. However, Plaintiff's concern on this point, even if sincere, is speculative, and is therefore not sufficient to establish irreparable harm."); *Ward v. LeClaire*, No. 9:07-CV-0026 (LEK/RFT), 2007 WL 1532067, at *2 (N.D.N.Y. May 24, 2007) ("Plaintiff's request for injunctive relief against future threats or harassment by inmates and/or prison officials is too speculative to meet the irreparable harm requirement.").

Accordingly, for the foregoing reasons, plaintiff's Second Preliminary Injunction Motion is denied.[4]

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's Second Preliminary Injunction Motion (Dkt. Nos. 12, 16) is **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

July 1, 2019
Albany, New York

Gary L. Sharpe
U.S. District Judge

---

[4] Plaintiff is advised that concerns regarding his current conditions of confinement should be addressed through administrative channels and DOCCS, and, if necessary, by means of a properly filed action.