**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

MARK DUBLINO,

                                  Plaintiff,

             - v -                                       Civ. No. 9:19-CV-381
                                                                      (GLS/DJS)

G. SCHENK, *et al.*,

                                  Defendants.
_____

**APPEARANCES:**                                **OF COUNSEL:**

MARK DUBLINO
Plaintiff, *Pro Se*
18-B-0793
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13021

HON. LETITIA JAMES                     KYLE W. STURGESS, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

# REPORT-RECOMMENDATION and ORDER

    *Pro se* Plaintiff Mark Dublino brought this action, pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his civil rights. Dkt. No. 1, Compl. Following initial review of the Complaint, the only remaining claims in this case relate to the free flow of mail and alleged retaliation regarding attorney visits. *See* Dkt. No. 14 at pp. 20-21 & 26-

28. Defendants have not yet answered the Complaint and presently pending is their Motion for Summary Judgment, pursuant to FED. R. CIV. P. 56(b), based on Plaintiff's failure to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"). Dkt. No. 28. Plaintiff opposes the Motion. Dkt. No. 40, Pl.'s Opp. At the request of the Court, Dkt. No. 50, Defendants provided a further status report regarding grievances filed by Plaintiff. Dkt. No. 51. For the reasons set forth below, the Court recommends that Defendants' Motion be granted.

## I. LEGAL STANDARD FOR SUMMARY JUDGMENT

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522,

525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin,* 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc*., 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994); *see also Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).

## II. DISCUSSION

### A. Exhaustion under the Prison Litigation Reform Act

Defendants seek summary judgment solely on the ground that Plaintiff failed to exhaust his administrative remedies prior to commencing this lawsuit. Dkt. No. 28-4, Defs.' Mem. of Law at pp. 5-8.

*1. The Grievance Process*

The PLRA provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. *Id.* at 524; *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) (stating that the mandatory language of § 1997e(a) forecloses judicial discretion to craft exceptions to the requirement). Furthermore, § 1997e(a) requires "proper exhaustion," which means using all steps of the administrative process and complying with "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). The defendant bears the burden of proving that the administrative remedies available to the

4

plaintiff were not exhausted prior to the initiation of a civil action. *Howard v. Goord*, 1999 WL 1288679, at *3 (E.D.N.Y. Dec. 28, 1999).

In New York, the administrative remedies consist of a three-step Inmate Grievance Program ("IGP"). First, a grievance is submitted to the Inmate Grievance Resolution Committee ("IGRC"), a committee comprised of both inmates and facility employees. 7 N.Y.C.R.R. § 701.5(b). An inmate must submit a grievance "within 21 calendar days of the alleged occurrence." *Id.* at § 701.5(a). An inmate may request an extension of the time limit within forty-five days of the date of the alleged occurrence. *Id.* at § 701.6(g). The IGRC reviews and investigates the formal complaint and then issues a written determination. *Id.* at § 701.5(b). Second, upon appeal of the IGRC decision, the superintendent of the facility reviews the IGRC's determination and issues a decision. *Id.* at § 701.5(c). Finally, upon appeal of the superintendent's decision, the Central Office Review Committee ("CORC") makes the final administrative determination. *Id.* at § 701.5(d). Only upon exhaustion of all three levels of review may a prisoner seek relief in federal court. *Bridgeforth v. Bartlett*, 686 F. Supp. 2d 238, 239 (W.D.N.Y. 2010) (citing, *inter alia*, *Porter v. Nussle*, 534 U.S. at 524); *see also Neal v. Goord*, 267 F.3d 116, 121 (2d Cir. 2001), *overruled on other grounds by Porter v. Nussle*, 534 U.S. 516.

An expedited procedure exists for grievances regarding alleged harassment; this procedure also requires that the grievant receive a response from CORC in order to exhaust. 7 N.Y.C.R.R. § 701.8. Pursuant to this expedited procedure, the inmate may first report the incident to the employee's immediate supervisor. *Id.* at § 701.8(a). The

inmate's allegations are then given a grievance number and the superintendent (or his designee) must promptly decide whether the grievance, if true, would represent a bona fide case of harassment. *Id.* at §§ 701.8(b) & (c).

### 2. *Plaintiff's Failure to Fully Exhaust his Claims*

While acknowledging that Plaintiff did file grievances related to the claims at issue in this litigation, Defendants seek summary judgment on the ground that Plaintiff had not proceeded through the entire CORC process prior to commencing this action and, therefore, that his claims are not exhausted. Defs.' Mem. of Law at pp. 6-7.

The exhaustion requirement is designed to permit prison officials to address inmate concerns before the commencement of litigation. *Jones v. Bock*, 549 U.S. 199, 204 (2007). Generally, an inmate must exhaust the entire DOCCS three-step process to exhaust a claim under the PLRA. *Seuffert v. Donovan*, 2016 WL 859815, at *4 (N.D.N.Y. Feb. 5, 2016), *report and recommendation adopted*, 2016 WL 796090 (N.D.N.Y. Feb. 26, 2016). "To the extent a civil rights claim must be exhausted by the grievance process, completion of the three-tiered process, through and including a final decision by the CORC, must be completed *before an action asserting that claim may be filed in court*." *Haywood v. Fuller*, 2019 WL 2442142, at *3 (N.D.N.Y. June 12, 2019) (citing cases) (emphasis added). Here, the facts are not disputed that Plaintiff proceeded to this Court before fully exhausting the available DOCCS procedures. He thus failed to fully exhaust.

This lawsuit was docketed with the Court on April 1, 2019. Compl. The parties agree that two grievances filed by Plaintiff relate to the claims remaining in this action.

6

*See generally* Dkt. No. 28-3, Seguin Decl.; Pl.'s Opp. at p. 19.[1] Grievance AUB 75346-18 relates to a legal visit and was filed in November 2018. Seguin Decl. at Ex. A. The grievance was initially responded to by the IGRC in January 2019. *Id.*; Pl.'s Opp. at p. 22. Plaintiff appealed that initial determination to the facility Superintendent who issued his determination on January 31, 2019. *Id.* Plaintiff then sought to appeal that grievance to CORC on February 7, 2019. *Id.*[2] Plaintiff had not received a decision from CORC prior to this action being filed. Seguin Decl. at ¶¶ 10 & 12; Pl.'s Opp. at pp. 2-3; Dkt. No. 1. It appears that no decision has yet been issued as to this grievance. Dkt. No. 51.

Grievance AUB 75805-19 relates to Plaintiff's mail. Seguin Decl. at Ex. B; Pl.'s Opp. at p. 30. That grievance was filed March 6, 2019. Seguin Decl. at Ex. B. Following an unfavorable decision from the IGRC, Plaintiff appealed to the Superintendent who issued a decision on April 9, 2019. *Id.*; Pl.'s Opp. at p. 30. Plaintiff then appealed the Superintendent's decision to CORC on April 24, 2019. *Id.* No decision has been rendered by CORC on that appeal. Dkt. No. 51. Thus, that grievance was not even appealed to CORC until more than three weeks after this action was commenced.

Given that neither grievance was decided by CORC prior to commencement of this action, Plaintiff failed to properly exhaust his administrative remedies as required by

---

[1] Page references to Plaintiff's Opposition are to page numbers assigned by the Court's CM/ECF system.

[2] DOCCS records indicate that the appeal to CORC was processed on February 12, 2019. Seguin Decl., Ex. A. In the context of this Motion, the February 7th date is used here as it is the date that views the record in the light most favorable to Plaintiff. *See Scott v. Harris*, 550 U.S. 372, 378 (2007) (internal quotation and alteration omitted) ("courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion.").

the PLRA. *Haywood v. Fuller*, 2019 WL 2442142, at *3 (N.D.N.Y. June 12, 2019) (citing cases); *Seuffert v. Donovan*, 2016 WL 796090.

*3. Whether Plaintiff's Failure to Exhaust Administrative Remedies May be Excused*

A prisoner's failure to exhaust administrative remedies may nonetheless be excused if remedies were unavailable to the inmate. *Ross v. Blake*, 136 S. Ct. at 1858. As the Supreme Court stated in *Ross*, "[a]n inmate . . . must exhaust available remedies, but need not exhaust unavailable ones." *Id.* The Court provided three potential circumstances in which administrative remedies may be unavailable: (1) where the administrative procedure technically exists but operates as a "dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) where the administrative scheme is "so opaque that it becomes, practically speaking, incapable of use"; and (3) where prison administrators "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859-60. Plaintiff bears the burden of establishing that the grievance procedures were unavailable within the meaning of *Ross*. *Martin v. Wyckoff*, 2018 WL 7356771, at *5 (N.D.N.Y. Oct. 16, 2018), *report and recommendation adopted*, 2019 WL 689081 (N.D.N.Y. Feb. 19, 2019).

Plaintiff contends that the grievance process was unavailable to him because of CORC's failure to timely respond to grievances. Pl.'s Opp. at pp. 19-20. This argument is easily disposed of as to AUB 75805-19 which Plaintiff's own records demonstrate was not appealed to CORC until April 24, 2019, after this action was commenced. Pl.'s Opp.

at p. 30. There was thus no delay in deciding that appeal that warranted filing this action prior to a decision from CORC.

Grievance AUB 75346-18 does require this Court to address an existing split of authority within the Second Circuit "as to whether a delay by CORC constitutes unavailability that would excuse a plaintiff's failure to exhaust his administrative remedies." *Berkley v. Ware*, 2018 WL 3736791, at *5 (N.D.N.Y. July 6, 2018), *report and recommendation adopted*, 2018 WL 3730173 (N.D.N.Y. Aug. 6, 2018) (citing cases). Plaintiff relies principally on two cases to support his argument that a delay here in deciding his appeal should excuse him from the exhaustion requirement. For the reasons which follow, the Court finds Plaintiff's argument unpersuasive.

First, Plaintiff's reliance on *High v. Switz*, 2018 WL 3736794, at *1 (N.D.N.Y. July 9, 2018), *report and recommendation adopted sub nom. High v. PA Switz*, 2018 WL 3730175 (N.D.N.Y. Aug. 6, 2018) is unavailing. In *High*, the plaintiff filed suit only after more than seven months had passed after appealing to CORC with no decision. *Id.* at *3. The plaintiff in *High* had also communicated with CORC about the status of the grievance prior to filing suit, but received no response. *Id.* Here, by contrast, this litigation was commenced when a response to AUB 75346-18 was less than thirty days overdue under DOCCS' regulations. 7 N.Y.C.R.R. § 701.5(d)(2) (CORC shall review the appeal and render a determination within 30 days from the time the appeal was received.); Pl.'s Opp. at p. 22 (CORC appeal filed February 7, 2019). Plaintiff's other grievance was not appealed until after this litigation was commenced and so *High* is inapplicable to that

9

grievance. Pl.'s Opp. at p. 30 (CORC appeal filed April 24, 2019). Nor does the record establish Plaintiff made any inquiry with CORC about the status of his grievance prior to filing this litigation.

The Court is also unpersuaded that *Bell v. Napoli*, 2018 WL 6506072 (N.D.N.Y. Dec. 11, 2018), the other case relied upon by Plaintiff, is a basis for denying summary judgment here. To be sure, the delays here and in *Bell* undercut the hope expressed in *High* that its facts would be "unique." *High v. Switz*, 2018 WL 3736794, at *5 (report and recommendation). The policy concerns expressed in *Bell* about the potential for CORC to limit inmates' access to federal court "by thwarting [their] attempt to exhaust" must be taken seriously. *Bell v. Napoli*, 2018 WL 6506072, at *7. But the policy concerns underlying the PLRA must also be considered. The exhaustion requirement aims to provide prison officials the opportunity to resolve matters without the need for litigation. *Jones v. Bock*, 549 U.S. at 204. "Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits." *Porter v. Nussle*, 534 U.S. at 524. Mindful of that intent, the Court recommends finding that on the facts of this case administrative remedies were available to Plaintiff regarding his grievances such that his filing of this action without receiving a decision from CORC mandates dismissal. As discussed below, when Plaintiff filed this action the time in which CORC should have issued a decision on his appeal had expired, but just barely. If the DOCCS grievance process is deemed "unavailable" to every inmate whose CORC appeal decision is late, inmates will be incentivized to file lawsuits immediately upon the expiration of that thirty-

day limit, a result that could significantly undermine Congress' intent in requiring complete exhaustion. *See Mayandeunas v. Bigelow*, 2019 WL 3955484, at *4 (N.D.N.Y. Aug. 22, 2019) (expressing wariness about a rule that would permit inmates to "rush to court immediately after the expiration of the thirty-day deadline for a CORC decision.").

The better course, in this Court's view, is to engage in a careful factual consideration of each case. In questions involving allegedly inappropriate delay by CORC the Court should

> focus on the delay between the date that a decision by CORC was due (i.e., 30 days after the prisoner's filing of his appeal to CORC) and the date that the prisoner's federal court complaint was signed (which, pursuant to the Prison Mailbox Rule, is the date of the filing of the prisoner's court action).

*Id.* This Court agrees with Chief Judge Suddaby's opinion in *Mayandeunas* that "that time period is the relevant one for purposes of deciding the issue." *Id.* Doing so here demonstrates that Plaintiff has not established that administrative remedies were unavailable to him regarding Grievance AUB 75346-18. Plaintiff sought to appeal this grievance to CORC on February 7, 2019. Pl.'s Opp. at p. 22. The Complaint appears to have been initially signed on March 10, 2019. Compl. at p. 6. It was then apparently updated on March 18, 2019. *See id.* at pp. 1-5. It was mailed from the facility on March 20, 2019. *Id.* at p. 29. Because the February 7 and March 20 dates construe the record in the light most favorable to Plaintiff, suggesting the longest period of time waited before commencing suit, I have chosen to use these dates for purposes of this Motion. The time lapse between February 7 and March 20 is just 41 days between the appeal to CORC and Plaintiff's commencement of this action. That amount of time is not a "delay" that could

render the grievance process unavailable to Plaintiff. *Fabrizio v. Annucci*, 2019 WL 5287959, at *3 (N.D.N.Y. Oct. 18, 2019)(delay of "61 days is too short" to deem DOCCS grievance process unavailable). Under DOCCS regulations, "[i]f a grievant does not receive a copy of the written notice of receipt within 45 days of filing an appeal, the grievant should contact the IGP supervisor in writing to confirm that the appeal was filed and transmitted to CORC." 7 N.Y.C.R.R. § 701.5(d)(3)(i). Here, Plaintiff filed suit even before that time period had run.

On this record, the Court agrees that the exhaustion requirement has not been satisfied and that Plaintiff has not established that at the time he commenced this action the grievance process was unavailable to him. Accordingly, the Court recommends that summary judgment is also appropriate based on Plaintiff's failure to exhaust his administrative remedies.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendant's Motion for Summary Judgment (Dkt. No. 28) be **GRANTED** and the Complaint be dismissed without prejudice[3]; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

---

[3] A new complaint filed in short order would likely be timely under the applicable statute of limitations and given that there has now been nearly a year delay in the issuance of a decision by CORC as to the relevant grievances, *see* Dkt. No. 51, it may well be that a court could find that the current delay has rendered the grievance process unavailable. "At some point CORC must face the consequences of its delays." *Mayandeunas v. Bigelow*, 2019 WL 3955484, at *5.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).

Date: January 17, 2020
    Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge