**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

MARK DUBLINO,

                **Plaintiff,**

    **v.**

G. SCHENK et al.,

                **Defendants.**
_____

**9:19-cv-381**
**(GLS/DJS)**

## <u>SUMMARY ORDER</u>

Plaintiff *pro se* Mark Dublino commenced this civil rights action

pursuant to  42 U.S.C. § 1983, against defendants "G. Schenk," Deputy

Superintendent of Auburn Correctional Facility (hereinafter "Auburn C.F.");

"Ms. Vanni," Steward at Auburn C.F.; and Auburn C.F. correction officers

"Mr. Sheftic," Sergeant; "Mr. Carhart," Sergeant; and "Mr. Vendetti," as well

as several other defendants who have since been terminated from the

case.  (Compl., Dkt. No. 1; Dkt. No. 14.)  Following initial review of the

complaint, the only remaining claims relate to the free flow of mail and

alleged retaliation with respect to attorney visits.  (Dkt. No. 14 at 43.)

On January 17, 2020, Magistrate Judge Daniel J. Stewart issued a

Report-Recommendation and Order (R&R) recommending that defendants'

motion for summary judgment, (Dkt. No. 28), be granted and that Dublino's complaint be dismissed without prejudice, (Dkt. No. 53 at 12.) Dublino filed timely objections to the R&R.[1] (Dkt. No. 57.) In addition, Dublino requests leave to file an amended complaint. (Dkt. No. 57, Attach. 1 at 1.) For the reasons that follow, the R&R is adopted in its entirety, and Dublino's request for leave to amend is denied.

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's

_____

[1] When a report and recommendation is filed, the parties have fourteen (14) days from receipt of the report to file specific, written objections to proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2); N.D.N.Y. L.R. 72.1(c). Three additional days are added to the fourteen-day period when the plaintiff is served with the report by mail. *See* Fed. R. Civ. P. 6(d). The R&R was filed on January 17, 2020. (Dkt. No. 53). On January 27, 2020, Dublino requested an extension of time to object to the R&R, (Dkt. No. 54), which was granted, (Dkt. No. 55), and the deadline to object was set at February 14, 2020, (*id.*) Although Dublino's objections were not filed on the docket until February 20, 2020, they are dated February 14, 2020, making his objections timely. *See Sides v. Paolano*, 782 F. App'x 49, 50 (2d Cir. 2019) ("Under the prison mailbox rule, a pro se prisoner's [document] is deemed filed upon its delivery to prison authorities for transmittal to the district court." (citations omitted)); *Yancey v. Robertson*, No. 9:17-cv-0381, 2019 WL 315048, at *1 (N.D.N.Y. Jan. 24, 2019) ("Under the prison mailbox rule, the objection [to the R&R] was timely filed." (citation omitted)).

findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484, 2006 WL 149049, at *3 (N.D.N.Y. Jan. 18, 2006). In cases where no party has filed an objection, or only vague or general objections have been filed, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *5.

The crux of defendants' motion for summary judgment and the R&R is that, with respect to both of his remaining claims, Dublino failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act. (Dkt. No. 53 at 2.) Dublino raises three objections to the R&R. (*See generally* Dkt. No. 57.) While Dublino refers to his objections as "specific," they either raise a new argument not presented to Judge Stewart in the initial briefing, rehash an argument previously presented to and rejected by Judge Stewart, or constitute a misapprehension of the reasons supporting the recommendations in the R&R. (*Id.*) Accordingly, as explained in greater detail below, his objections invoke review only for clear error. *See Smith v. Hulihan*, No. 11 CV 2948, 2012 WL 4928904, at *1 (S.D.N.Y. Oct. 17, 2012) ("[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the R[]&[]R, and

indeed may not be deemed objections at all."); *Almonte*, 2006 WL 149049 at *4 (explaining that resubmitting the same arguments previously made "fails to comply with the specificity requirement").

Dublino first objects to the R&R's alleged failure to consider certain grievances that were neither filed nor assigned a grievance number by the Department of Corrections and Community Supervision (DOCCS).  (Dkt. No. 57 at 6-7.)  Dublino argues that, because these grievances related to his two remaining claims, his administrative remedies were rendered unavailable.  (*Id.*)  Judge Stewart narrowed his consideration to the two grievances discussed in the R&R, because both parties agreed in the summary judgment briefing that those were the only two grievances at issue.  (Dkt. No. 28, Attach. 3 at 2-3; Dkt. No. 40 at 19.)  Dublino cannot now use his objections as a vehicle to make the new argument in opposition to defendants' motion for summary judgment that his administrative remedies were unavailable by virtue of DOCCS' failure to respond and/or assign a grievance number to other grievances.  *See Fox v. Lee*, No. 9:15-cv-0390, 2019 WL 1323845, at *3 (N.D.N.Y. Mar. 25, 2019); *Hulihan*, 2012 WL 4928904, at *1.  Accordingly, having found no clear error, this objection is rejected.

Next, Dublino objects to the R&R's finding that he did not exhaust his remedies with respect to his grievance regarding his retaliation claim. (Dkt. No. 57 at 7-16.) Dublino argues that his administrative remedies were unavailable with respect to this grievance, because, among other things, the Central Office Review Committee (CORC) did not timely respond to his appeal. (*Id.*) Dublino previously advanced this argument in his opposition to defendants' motion for summary judgment. (Dkt. No. 40 at 20.) Accordingly, this objection also invokes review only for clear error. *Almonte*, 2006 WL 149049 at *5.

"[C]ourts within the Second Circuit are split regarding whether a failure by CORC to timely respond to an appeal constitutes unavailability excusing a failure to exhaust." *Sherwood v. Senecal*, No. 9:17-cv-00899, 2019 WL 4564881, at *2 (N.D.N.Y. Sept. 20, 2019) (citation omitted). After considering the relevant case law, Judge Stewart resolved this issue adversely to Dublino. (Dkt. No. 53 at 9-12.)

The R&R cites compelling and appropriate reasons in making this recommendation. (*Id.*) Specifically, Dublino commenced this action just

forty-one days after his appeal to CORC,[2] and the case law that supports a finding that CORC's failure to timely respond to an appeal constitutes unavailability involved much longer delays. *Compare Mayandeunas v. Bigelow*, No. 9:18-CV-1161, 2019 WL 3955484, at *1 (N.D.N.Y. Aug. 22, 2019) (finding that 134 days between when the plaintiff filed his appeal to CORC and when he filed his complaint in federal court was sufficient to render his administrative remedies unavailable); *High v. Switz*, 9:17-CV-1067, 2018 WL 3736794, at *4-6 (N.D.N.Y. July 9, 2018), *report and recommendation adopted sub nom. High v. PA Switz*, 2018 WL 3730175 (N.D.N.Y. Aug. 6, 2018) (finding that a seven-month delay was sufficient), *with Gizewski v. N.Y. State Dep't of Corr. & Cmty. Supervision*, 692 F. App'x 668, 670 (2d Cir. 2017) (affirming the district court's finding that the plaintiff did not establish that his administrative remedies were unavailable where there were eighty days between when the plaintiff filed his appeal to CORC and when he filed his complaint in federal court); *Fabrizio v. Annucci*, 9:18-CV-0339, 2019 WL 5287959, at *3 n.6 (N.D.N.Y.

---

  [2] Dublino appealed his grievance to CORC on February 7, 2019 and his complaint in this action was mailed from the facility in which he was incarcerated on March 20, 2019. (Dkt. No. 53 at 11 (citing Compl. at 29; Dkt. No. 40 at 22).)

Oct. 18, 2019) (delay of sixty-one days is "too short" to deem DOCCS grievance process unavailable).

Dublino's frustration with the law is noted. However, the court finds no clear error in the R&R's finding, which correctly analyzed the relevant case law in conjunction with the time period between when Dublino filed his appeal to CORC and when he filed the present action—"the relevant [consideration] for purposes of deciding th[is] issue." *See Mayandeunas*, 2019 WL 3955484, at *4 (citation omitted). Accordingly, this objection is rejected.

Finally, Dublino makes a third, single-paragraph objection to "the [R&R]'s apparent approach that, if any claims are deemed unexhausted[, then] all claims must be dismissed." (Dkt. No. 57 at 16-17.) Interpreting this objection as an argument that if Dublino exhausted his administrative remedies as to one claim, then the complaint survives summary judgment, it appears to be hinged upon a finding that the administrative remedies were exhausted for one of the two grievances at issue. Accordingly, this objection is rendered moot by this Summary Order, which adopts the R&R's findings that the remedies were unexhausted as to both claims.

In sum, the court has carefully considered the R&R, and finds no

clear error in Judge Stewart's thorough analysis, which squarely addresses Dublino's arguments and provides multiple, appropriate reasons for granting defendants' motion for summary judgment. (*See generally* Dkt. No. 53.) As a result, the R&R is adopted in its entirety for the reasons set forth therein.[3]

Accordingly, it is hereby

**ORDERED** that the Report-Recommendation and Order (Dkt. No. 53) is **ADOPTED IN ITS ENTIRETY**; and it is further

**ORDERED** that Dublino's request for leave to amend his complaint (Dkt. No. 57, Attach. 1 at 1) is **DENIED**; and it is further

**ORDERED** that Dublino's complaint (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE**[4]; and it is further

---

[3] In his objections, Dublino informally requests leave to amend his complaint "without filing a new claim." (Dkt. No. 57, Attach. 1 at 1.) Dublino's request is procedurally defective, as he has failed to make a proper motion for leave to amend, and did not submit a complete copy of the proposed amended complaint. *See Taxmoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 220 (2d Cir. 2006); *Rosendale v. Iuliano*, 67 F. App'x 10, 14 (2d Cir. 2003). Moreover, it is unclear how an amendment would cure Dublino's failure to exhaust his administrative remedies. Accordingly, as described below, the proper resolution is to dismiss Dublino's complaint without prejudice.

[4] It is appropriate for the Court to dismiss a claim without prejudice for failing to exhaust administrative remedies "[i]f the time permitted for

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to

the parties.

**IT IS SO ORDERED.**

March 31, 2020
Albany, New York

Gary L. Sharpe
U.S. District Judge

---

pursuing administrative remedies has not expired." *Berry v. Kerik*, 366
F.3d 85, 87 (2d Cir. 2004) (citation omitted).  As stated in the R&R, "[a]
new complaint filed in short order would likely be timely under the
applicable statute of limitations." (Dkt. No. 53 at 12.)  And, apparently,
CORC has still not issued a decision regarding the two grievances, which
will likely render his administrative remedies unavailable pursuant to the
case law described above. *Mayandeunas*, 2019 WL 3955484, at *5 ("At
some point CORC must face the consequences of its delays.").  Further,
Dublino can properly, and more clearly, advance an unavailability
argument regarding the grievances that allegedly were not filed or
assigned a grievance number with this new claim.