**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MARK DUBLINO,**

                        **Plaintiff,**

                        **v.**

**MR. SHEFTIC et al.,**

                        **Defendants.**
_____

**9:19-cv-381**
**(GLS/DJS)**

## SUMMARY ORDER

Plaintiff *pro se* Mark Dublino commenced this civil rights action pursuant to 42 U.S.C. § 1983, against defendants G. Schenk, Deputy Superintendent of Auburn Correctional Facility (hereinafter "Auburn C.F."); Ms. Vanni, Steward at Auburn C.F.; Auburn C.F. correction officers Mr. Sheftic, Sergeant, Mr. Carhart, Sergeant, and Mr. Vendetti; and several other defendants that were dismissed in the early stages of this litigation. (Compl., Dkt. No. 1; Dkt. No. 14.) Following initial review of the complaint, the only remaining claims relate to the free flow of mail and alleged retaliation with respect to attorney visits. (Dkt. No. 14 at 43.)

In a Summary Order dated March 31, 2020 (hereinafter, "the Summary Order"), the court adopted Magistrate Judge Daniel J. Stewart's

Report-Recommendation and Order (R&R), and dismissed this action without prejudice based on Dublino's failure to exhaust his administrative remedies. (Dkt. Nos. 53, 58.) Now pending is Dublino's motion to vacate the Summary Order pursuant to Fed. R. Civ. 60(b). (Dkt. No. 60.) For the reasons that follow, the motion is denied.

Rule 60(b) of the Federal Rules of Civil Procedure sets forth six grounds upon which relief from a judgment or order may be granted:

>  (1) mistake, inadvertence, surprise, or excusable neglect;
>
>  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>  (3) fraud, misrepresentation, or misconduct;
>
>  (4) the judgment is void;
>
>  (5) the judgment has been satisfied, released, or discharged; or
>
>  (6) any other reason that justifies relief.

Rule 60(b) "provides extraordinary judicial relief which should be granted only upon a showing of exceptional circumstances. It may not be used as a substitute for an appeal, and a claim based on legal error alone

2

is inadequate." *Mosquera v. Graham*, No. 9:19-CV-0442, 2020 WL 1923237, at *1 (N.D.N.Y. Apr. 21, 2020) (internal quotation marks and citations omitted). Courts generally "require that the evidence in support of [a Rule 60(b)] motion . . . be highly convincing, that a party show good cause for the failure to act sooner, and that no undue hardship be imposed on other parties." *Id.* (internal quotation marks and citation omitted). "The decision whether to afford relief rests with the 'sound discretion of the district court.'" *Id.* (citation omitted).

Dublino moves to vacate the judgment rendered in the Summary Order, arguing that the Second Circuit, in *Hayes v. Dahlke*, 976 F.3d 259 (2d Cir. 2020), "squarely rejected the exact reason this court dismissed the claims." (Dkt. No. 60 at 4.) Defendants argue that, while *Hayes* does represent "a significant shift in the exhaustion landscape," Dublino failed to exhaust even in light of the same, and, thus, the motion to vacate should be denied. (Dkt. No. 64 at 4-7.)

Two inmate grievances filed by Dublino pertain to the claims in this action: Grievance AUB 75346-18 (hereinafter "the First Grievance") relates to a legal visit, and was filed in November 2018, and Grievance AUB 75805-19 (hereinafter "the Second Grievance") relates to Dublino's mail,

3

and was filed in March 2019.  (Dkt. No. 53 at 6-7.)  In the Summary Order, the court adopted the findings in the R&R that Dublino failed to exhaust his administrative remedies with respect to both grievances, given that neither grievance was decided by the Central Office Review Committee (CORC) prior to commencement of this action.  (Dkt. Nos. 53, 58.)  In so holding, the court rejected Dublino's argument that the grievance process was rendered unavailable by virtue of CORC's failure to respond to his appeal.  (*Id.*)

At the time that the Summary Order was issued, district courts within the Second Circuit "were divided as to whether, and when, delay by the CORC in issuing a timely decision to a prisoner's grievance renders exhaustion unavailable." *Matagrano v. N.Y. State Dep't of Corr. & Cmty. Supervision*, No. 9:19-CV-00763, 2020 WL 7338586, at *10 (N.D.N.Y. Dec. 14, 2020) (internal quotation marks and citation omitted).  Subsequently, the Second Circuit rendered its decision in *Hayes*, which definitively resolved this issue, holding that:

> [B]ecause the DOCCS Inmate Grievance Procedure imposes a mandatory deadline for the CORC to respond, an inmate exhausts administrative remedies when he follows the procedure in its entirety but the CORC fails to respond within the 30 days it is

4

> allocated under the regulations. We decline to impose a "reasonableness" requirement found nowhere in the text, which would leave inmates—and courts—to blindly speculate how long one must wait before filing suit.

976 F.3d at 270 (citations omitted). The Second Circuit made clear that the thirty days begins to accrue from the time the appeal to CORC was *received*. *See id.* at 264, 268, 271.

Here, CORC did not receive the First Grievance until March 4, 2019, (Dkt. No. 28, Attach. 3 at 28), and, thus, it had until April 3, 2019 to render a decision. And, as to the Second Grievance, Dublino did not even appeal to CORC until April 24, 2019. (Dkt. No. 53 at 8-9.) As such, because the complaint, which was mailed on March 20, 2019, (Dkt. No. 53 at 11), was filed with the court on April 1, 2019, (Compl.), Dublino did not exhaust his administrative remedies with respect to either grievance, even in light of *Hayes*. *See Hayes*, 976 F.3d at 271 ("Hayes waited only 26 days after the CORC received the appeal of his grievance against the superintendent, four days short of the 30-day deadline for the CORC to respond. While Hayes need not wait indefinitely after the agency fails to follow its own deadline at the final stage of appeal, he must actually wait for that deadline to expire before filing suit." (citation omitted)).

5

Accordingly, Dublino has not demonstrated the existence of any "exceptional circumstances" that would warrant vacating the judgment rendered in the Summary Order, and his motion is denied.

Accordingly, it is hereby

**ORDERED** that Dublino's motion to vacate pursuant to Fed. R. Civ. P. 60(b) (Dkt. No. 60) is **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

June 3, 2021
Albany, New York

Gary L. Sharpe
U.S. District Judge